UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────

UNITED STATES OF AMERICA,

                                              Case # 07-CR-6219-FPG

v.

                                              DECISION AND ORDER

DIEGO C. FIGUEROA,

                          Defendant.
─────────────────────────────────────

## INTRODUCTION

On February 1, 2021, Defendant Diego C. Figueroa filed a *pro se* Motion for Compassionate Release. ECF Nos. 96, 97. Defendant requests that the Court reduce his sentence to time served because of the ongoing Coronavirus Disease 2019 ("COVID-19") pandemic. *Id.* The Court set a briefing schedule. ECF No. 98. After an enlargement of time, the Government opposed the motion on March 3, 2021. ECF No. 103. Probation also responded. ECF No. 101. For the reasons that follow, Defendant's Motions are DENIED.

## BACKGROUND

On June 19, 2008, Defendant was convicted after a jury trial of possession within intent to distribute cocaine, possession of heroin, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime. ECF Nos. 34, 35. On September 24, 2008, United States District Judge Charles J. Siragusa sentenced Defendant to an aggregate sentence of 240 months' imprisonment. ECF No. 42. Defendant appealed and the Second Circuit affirmed. Defendant later filed a petition for a writ of certiorari to the United States Supreme Court, which was denied.

1

Defendant has served slightly over 13 years of his 20-year sentence. According to the Bureau of Prisons ("BOP"), Defendant's release date is January 4, 2025. ECF No. 101 at 1; ECF No. 103 at 2.

## LEGAL STANDARD

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). Courts may reduce previously imposed terms of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A), often referred to as compassionate release. Defendants may bring motions under Section 3582(c)(1)(A) if they have satisfied a statutory exhaustion requirement.[1] *Id.* If a defendant brings such a motion, the Court may grant relief if, after considering the applicable sentencing factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant [the] reduction." *Id.* §§ 3553(a), 3582(c)(1)(A); *United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) (holding that, where a defendant—as opposed to the BOP—brings a motion for compassionate release, Section 3582(c)(1)(A)'s requirement that the reduction be "consistent with applicable policy statements issued by the Sentencing Commission" does not apply because there is no applicable policy statement). "District courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *United States v. Tagliaferri*, No. 13-CR-115, 2019 WL 6307494, at *3 (S.D.N.Y. Nov. 25, 2019).

## DISCUSSION

In this case, even if Defendant could establish that extraordinary and compelling reasons favor a sentence reduction, the reasons cited by Defendant do not outweigh the factors set forth in

---

[1] The Government does not dispute that Defendant has satisfied the statutory exhaustion requirement. ECF No. 103 at 7.

Section 3553(a) that support his sentence. Under Section 3553(a), a court must consider the following factors when it imposes a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range [provided for by Sentencing Commission guidelines and policy statements];
> (5) any pertinent [Sentencing Commission policy statement];
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Court weighed these factors when it imposed Defendant's original term of imprisonment. Accordingly, the Court's task here is not to "second guess or to reconsider whether the original sentence was just," but to assess whether "the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, 432 F. Supp. 3d 421, 429-30 (S.D.N.Y. 2020) (internal quotation marks omitted) (discussing legislative history of provision); *see United States v. Roney*, No. 20-1834, 2020 WL 6387844, at *3 (2d Cir. Nov. 2, 2020) (summary order) (quoting *Ebbers* for the proposition that "a compassionate-release motion 'is not an opportunity to second guess or to reconsider' the sentencing court's original decision"). In other words, the issue is whether the original Section 3553 factors "outweigh the 'extraordinary and compelling reasons' warranting compassionate

3

release," and, in particular, "whether compassionate release would undermine the goals of the original sentence." *Ebbers*, 432 F. Supp. 3d at 430-31.

Defendant claims that his incarceration increases the likelihood that he will contract COVID-19 and suffer severe complications. ECF No. 96 at 5. Defendant is currently incarcerated at the Federal Medical Center Devens ("FMC Devens"), which houses 728 inmates. *FMC Devens*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/dev/ (last visited Mar. 16, 2021). There are currently only 2 inmates and 9 staff members positive for COVID-19. *COVID-19*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Mar. 16, 2021). Defendant alleges that social distancing is not possible, that prisons are particularly susceptible to outbreaks of respiratory diseases, and that he would be safer if released.

Still, while the situation at FMC Devens is not ideal, neither is it dire. Indeed, the risk of contracting COVID-19 is present outside prison as well. *See United States v. Veras*, No. 19-CR-10, 2020 WL 1675975, at *4 (M.D. Pa. Apr. 6, 2020) ("[T]he potential for exposure exists anywhere in the community, not just in jail . . . ."). Defendant does not argue that the conditions at FMC Devens are placing him at a unique risk. Therefore, this factor does not weigh heavily in favor of release.

Defendant also claims that his preexisting conditions make it more likely that he would suffer severe complications if he were to contract the virus. ECF No. 96 at 5. Defendant is 63 years old, and suffers from, among other things, end-stage renal disease, HIV, and cirrhosis of the liver. *Id.* Defendant claims that his life expectancy is five to ten years. *Id.* at 6. Defendant has not proffered evidence of the precise degree of increased risk he faces, if any, due to his preexisting conditions. Still, the Court recognizes that these comorbidities likely present a greater risk for serious complications from COVID-19. *See People with Certain Medical Conditions*, CDC,

4

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions (last visited Mar. 16, 2021).

However, according to the medical records, Defendant tested positive for COVID-19 on December 21, 2020, and recovered after experiencing only minor symptoms. ECF No. 103 at 8. Despite Defendant's medical conditions, Defendant's symptoms appear to have resolved. *Id.* The Court has previously found that "[t]he fact that Defendant has . . . contracted the virus weighs against release because Defendant does not indicate that he has suffered any complications (or even symptoms) from contracting the virus." *United States v. Giddens*, No. 19-cr-47, 2021 WL 485697, at *2 (W.D.N.Y. Feb. 10, 2021). Defendant has not indicated that he experienced any symptoms, nor, for that matter, did he disclose that he had in fact contracted COVID-19. Moreover, according to the medical records, Defendant received his first dose of the Moderna COVID-19 vaccine from the BOP. ECF No. 103 at 9. Therefore, on balance, this factor weighs against Defendant.

But even assuming that Defendant faces a higher risk of contracting COVID-19 and suffering severe consequences from it due to his alleged comorbidities, Defendant has not provided reasons for his release that outweigh the factors that supported and continue to support Defendant's original sentence. COVID-19 does not "warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease." *United States v. Gold*, 459 F. Supp. 3d 1117, 1120 (N.D. Ill. 2020) (internal quotation marks omitted); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Despite Defendant's admirable academic successes in prison, ECF No. ECF No. 96, he was convicted of committing very serious crimes: possession with intent to distribute dangerous drugs, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime.  The agreed-upon sentence reflects the seriousness of his offenses and his lengthy criminal record.  Defendant began a life of crime at 22 years old.  His prior convictions are for multiple drug crimes and attempted murder.  ECF No. 51 at 13.

Finally, with a projected release date in January 2025, Defendant has nearly four years before his release, and over six years left on his original sentence.  Given the serious nature of his offense, such a substantial reduction in Defendant's sentence would undermine the need for his sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(2)(A)-(B), (6); *see also United States v. Mack*, No. 16-CR-112, 2020 WL 4012837, at *2 (N.D. Ohio July 16, 2020) (holding that Section 3553(a) factors did not favor release of defendant who was "high-risk" for COVID-19-related complications and "held in a prison experiencing a severe COVID-19 outbreak" because defendant had more than a year remaining on his sentence).

The Court recognizes that the situation Defendant finds himself in is of serious concern: as an inmate, he has far less control over his environment and is far more reliant on correctional officials to ensure his safety during the pandemic.  "A just punishment should not include an unacceptable risk of exposure to COVID-19 or any potentially lethal disease." *United States v. Vence-Small*, No. 18-CR-31, 2020 WL 2214226, at *4 (D. Conn. May 7, 2020).  But neither should

the uncertainty engendered by the present crisis be allowed to distort or subvert a just punishment. Defendant has not demonstrated that a reduction in his sentence is appropriate.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release, ECF Nos. 96, 97, is DENIED.

IT IS SO ORDERED.

Dated: March 17, 2021
       Rochester, New York

                                          HON. FRANK P. GERACI, JR.
                                          Chief Judge
                                          United States District Court