UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────

UNITED STATES OF AMERICA,            No. 07-CR-6219-FPG
                                                         DECISION AND ORDER

v.

DIEGO C. FIGUEROA,

                        Defendant.

───────────────────────────────────────────

## INTRODUCTION

In June 2008, Defendant Diego C. Figueroa was convicted by a jury and found guilty of possession with intent to distribute cocaine, possession of heroin, possession of a firearm and ammunition by a felon, and possession of a firearm in furtherance of a drug trafficking crime, all in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851, Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and Title 18 U.S.C. § 924(c)(1), respectively. ECF No. 33; ECF No. 34; ECF No. 35. On September 24, 2008, District Judge Charles J. Siragusa sentenced Defendant to 240 months' imprisonment, followed by a six-year period of supervised release. ECF No. 42.

The case was transferred to the undersigned in June 2020. ECF No. 95. Defendant moved *pro se* for compassionate release in February 2021. ECF No. 96; ECF No. 97. After receiving a response in opposition from the Government, ECF No. 103, and a memorandum from Probation, ECF No. 101, the Court issued a Decision and Order, ECF No. 104, denying Defendant's request. In that Decision and Order, the Court assumed that Defendant could establish that extraordinary and compelling reasons favored a sentence reduction and considered whether Defendant's changed circumstances outweighed the relevant factors under 18 U.S.C. § 3553(a) that supported his original sentence. ECF No. 104 at 3-6. After undertaking that analysis, the Court concluded,

based on the record before it at that time, that compassionate release would undermine the goals of Defendant's original sentence. ECF No. 104 at 3-6.

On August 5, 2021, Defendant again moved *pro se* for compassionate release. ECF No. 105. The Government responded in opposition on August 24, 2021. ECF No. 107. The Court received a memorandum from Probation regarding Defendant's status. On September 21, 2021, while Defendant's *pro se* motion was pending, defense counsel entered a notice of appearance on Defendant's behalf and requested time to file a supplemental motion for compassionate release. ECF No. 110. The Court granted that request and defense Counsel filed a Supplemental Motion for Compassionate Release, ECF No. 113, on November 8, 2021, and a Motion to Amend/Correct, ECF No. 114, on November 10, 2021.[1] On December 10, 2021, the Government responded to Defendant's Supplemental Motion for Compassionate, withdrew its prior opposition to compassionate release, and concurred with defense counsel that a "sentence of time served is warranted." ECF No. 117 at 3. On January 14, 2022, defense counsel filed a letter with updated information regarding the number of confirmed COVID-19 cases at FMC Devens. ECF No. 118.

For the reasons set forth below, Defendant's *pro se* Motion for Compassionate Release, ECF No. 105, is DENIED AS MOOT; Defendant's Motion to Amend/Correct the Supplemental Motion for Compassionate Release, ECF No. 114, is GRANTED; and Defendant's Supplemental Motion for Compassionate Release, ECF No. 113, is GRANTED.

## DISCUSSION

The Court has reviewed Defendant's medical records and finds that Defendant has established extraordinary and compelling reasons for a reduction in sentence. Indeed, the

---

[1] The Motion to Amend/Correct draws the Court's attention to a revised statistic regarding the COVID-19 positivity rate at Defendant's facility, FMC Devens. *See* ECF No. 114 at 20, n.12.

Government agrees with defense counsel on this point and states the following with respect to whether Defendant's reasons for compassionate release are "extraordinary and compelling":

> In short, this is a very rare case, and one that perhaps deserves a second look. [Defendant's] situation presents circumstances not seen in garden variety § 3582 applications – a 64 year-old defendant with significant and well-documented health concerns, placing him at a medical care level 4, who undoubtedly presents a heighted risk of serious illness if he were again to contract COVID or any "breakthrough" variants. Given the unique health concerns found in this case, the government agrees that [Defendant] presents "extraordinary and compelling reasons to warrant the reduction."

ECF No. 117 at 2. BOP records and Probation's memorandum confirm Defendant's significant health concerns.[2] Defendant has the following medical conditions: (1) end stage renal disease, for which he receives hemodialysis; (2) HIV/AIDS; (3) end stage liver disease; (4) cirrhosis of the liver post hepatitis C with esophageal varices grade 1; (5) diabetes mellitus type 2 with retinopathy and neuropathy; (6) chronic obstructive pulmonary disease; (7) coronary artery disease; (8) peripheral arterial disease; (9) hyperlipidemia; (10) normocytic anemia; (11) hypertension; (12) glaucoma; and (13) a history of heart attacks—the most recent occurring in February 2021. ECF No. 114 at 1-2. In sum, the Court agrees with defense counsel's characterizations that these medical problems are "long-term" and "life-threatening," that Defendant is in a "fragile state," and that Defendant's conditions mean he could face a limited life expectancy. ECF No. 114 at 6, 9-12.

The Court next considers whether Defendant has presented evidence that causes the Court to reconsider its prior evaluations of the factors set forth in Section 3553(a).

Under § 3553(a), a court must consider the following factors when it imposes a sentence:

---

[2] Defendant's Supplemental Motion redacted his medical conditions and the relevant medical records to protect Defendant's privacy. *See* ECF No. 114. However, defense counsel submitted unredacted versions of these documents to the Court. The Court notes that Defendant previously disclosed his health conditions in his initial motion for compassionate release. *See* ECF No. 96.

  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
  (2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) [the kinds of sentence and sentencing range provided for in the Sentencing Guidelines]
  (5) any pertinent [Sentencing Commission policy statement]
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

  Here, the Court's task here is not to "second guess or to reconsider whether" his current sentence is just, but to assess whether "the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, 432 F. Supp. 3d 421, 429–30 (S.D.N.Y. 2020) (internal quotation marks omitted) (discussing legislative history of Section 3582). In other words, the issue is whether the Section 3553(a) factors supporting Defendant's original sentence "outweigh the 'extraordinary and compelling reasons' warranting compassionate release," and, in particular, "whether compassionate release would undermine the goals of the original sentence." *Id.* at 430–31.

  Regarding this portion of the compassionate release inquiry, the Government asserts that a sentence of time served is warranted, noting the following points in reaching that conclusion: (1) the Government "agrees that [Defendant], at this point in his life[,] is not a danger to the safety of any other person or to the community"; (2) the Government "believes given the significant amount of time already served in the BOP, a just punishment has been imposed"; (3) "given the [D]efendant's health and advanced age, he is likely to be deterred from further criminal conduct

4

and presents little danger to the public"; and (4) "there is a fair argument that the [D]efendant can be provided with needed medical care in the most effective manner outside the BOP facility." ECF No. 117 at 3.

The Court has considered Defendant's medical conditions, the increasing prevalence of COVID-19 at FMC Devens with the rise of new virus variants, as well as other relevant factors under 18 U.S.C. § 3553(a).  This is an exceptional case.  Defendant likely faces a limited life expectancy due to several severe medical conditions.  *See* ECF No. 114 at 9-10.  He has been receiving hemodialysis treatments for a period of more than eight years and, "[a]ccording to the National Kidney Foundation, the average life expectancy for patients of all ages on dialysis is 5-10 years." *Id.* at 10.  When Defendant's other serious conditions are considered alongside his need for a double organ transplant (kidney and liver), the Court agrees with defense counsel's assertion that there is a very real possibility that Defendant will not survive until his 2025 release date without outside care and treatment.  *Id.*

In addition, there are several § 3553(a) factors that weigh strongly in favor of release. These include, most notably, that: (1) Defendant is 64 years old; (2) he has served a substantial portion of his 20-year sentence (approximately 85 percent with good-time credit applied) and is set to be released on January 4, 2025, ECF No. 114 at 3, 21; (3) upon release, Defendant would begin a six-year period of supervision during which he would be closely monitored by a probation officer and subject to revocation if warranted; (4) defense counsel has submitted a release plan which indicates Defendant would reside with either his son or his cousin, who live in the same apartment complex in Geneva, Ohio, and that this arrangement would provide him access to needed medical care at nearby facilities. *Id.* at 7.

Based upon Defendant's severe medical conditions, the ongoing COVID-19 pandemic, and the other relevant factors discussed above that are unique to this Defendant, the Court finds that Defendant's circumstances are so changed that it would be inequitable to continue his confinement. The Court agrees with the Government's assertion that "this case falls outside the heartland of [compassionate release] cases that generally come before the Court," ECF No. 117 at 3, and agrees with the parties that a sentence of time served is warranted.

## CONCLUSION

For the foregoing reasons, Defendant's *pro se* Motion for Compassionate Release, ECF No. 105, is DENIED AS MOOT; Defendant's Motion to Amend/Correct the Supplemental Motion for Compassionate Release, ECF No. 114, is GRANTED; and Defendant's Supplemental Motion for Compassionate Release, ECF No. 113, is GRANTED.

The Court expects the BOP to immediately commence the discharge process and begin planning for Mr. Figueroa's safe return home. Probation is directed to visit and evaluate Defendant's potential living circumstances and determine whether they provide a suitable living arrangement. The conditions of supervised release as set forth in the initial criminal judgment remain unchanged and shall commence immediately upon his discharge from BOP custody. The Clerk of Court is directed to amend the judgment in this case to reflect this Decision and Order.

IT IS SO ORDERED.

Dated: January 18, 2021
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York